United States District Court
Southern District of Texas
**ENTERED**
November 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RUGAMA SALINAS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-1464 |
| | § | |
| OFFICE OF THE DEPARTMENT OF HOMELAND SECURITY *et al.* | § | |
| | § | |

**ORDER**

Before the Court is Respondents' Motion to Dismiss (Dkt. No. 11). Respondents advised that Petitioner has been released from ICE's custody, rendering his habeas action moot (*see* Dkt. No. 11 at 3). The Court agrees.

"Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008) (quoting *Ctr. for Individual Freedom v. Carmouche,* 449 F.3d 655, 661 (5th Cir. 2006)). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Id.* (citing *In re Scruggs,* 392 F.3d 124, 128 (5th Cir. 2004)). A court must dismiss an action if it "determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

In the immigration context, a constitutional challenge to the length of pre-removal detention is mooted by an undocumented alien's release from custody. *Rocha v. Mayorkas*, 579 F. Supp. 3d 923, 929 (S.D. Tex. 2022) (collecting cases); *Nkarakwi v. U.S. Immigr. & Customs Enf't*, No. 6:23-CV-00901 SEC P, 2024 WL 1725003, at *1 (W.D. La. Jan. 4, 2024), *report and recommendation adopted*, No. 6:23-CV-00901, 2024 WL

1723075 (W.D. La. Apr. 22, 2024); *see also Dien Thanh Ngo v. Johnson*, No. 3:19-CV-976-B-BH, 2019 WL 3468909, at *2 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted,* No. 3:19-CV-976-B-BH, 2019 WL 3459817 (N.D. Tex. July 31, 2019). That is the exact scenario as present here; Petitioner solely contested the length of his detention, not his underlying removal order. Petitioner could only properly contest the length of his detention in habeas, not his underlying removal order or any other collateral claims. *See Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[S]imply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."); *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 483 (5th Cir. 2020) (rejecting "collateral consequences" in the immigration habeas context). As he has been released from custody, his petition for writ of habeas corpus is moot. *See Rocha*, 579 F.Supp.3d at 929.

Accordingly, Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Rocha*, 579 F.Supp.3d at 929–30. Respondents' Motion to Dismiss (Dkt. No. 11) is **GRANTED**. The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action.

It is so **ORDERED**.

**SIGNED** November 15, 2026.

Marina Garcia Marmolejo
United States District Judge